UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Precision Components, Inc<br><br>      Plaintiff,<br><br> v.<br><br>United States,<br><br><br>      Defendant. | Court No. 23-00218<br><br>Complaint |

# COMPLAINT

Plaintiff Precision Components, Inc ("PCI"), by and through their attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(B)(iv), and 28 U.S.C. §1581(c) to contest the Final Scope Ruling issued by the United States Department of Commerce, International Trade Administration (ITA) in connection with the outstanding order on *Tapered Roller Bearings and Parts Thereof, Finished and Unfinished from the People's Republic of China*.

2. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

*Precision Components, Inc. et al v. United States*
Court No 23-00218
November 9, 2023
Page 2

## STANDING

3. Plaintiff Precision Components, Inc ("PCI") is a Corporation organized under the laws of North Carolina. Plaintiff PCI imports Tapered Roller Bearings from the People's Republic of China and was an active participant in the Scope Investigation of Steel Blanks.

4. Pursuant to 19 U.S.C. §1516a(2), plaintiff is an interested parties as defined in 19 U.S.C. §1677(9)(A) as plaintiff was a party to the proceeding in connection with which this matter arises.

5. Plaintiff has standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

6. Plaintiffs commenced this action by filing a Summons with this Court on October 13, 2023, which was within thirty days after the date of mailing of the scope ruling. Plaintiffs are filing this complaint on November 9, 2023, which is within thirty days from the date of the filing of the Summons in accordance with Rule 6(a)and satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7. On May 25, 2023, pursuant to an April 24, 2023 request for a scope

*Precision Components, Inc. et al v. United States*
Court No 23-00218
November 9, 2023
Page 3

ruling filed by Precision Components, Inc., the Department deemed initiated the Scope Ruling. See Memorandum to File from Melissa Porpotage titled *Antidumping Duty Order on Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, from the People's Republic of China: Deemed Initiation of Scope Inquiry*.

8. Between June 26, 2023 through July 10, 2023 plaintiff and the U.S. domestic industry submitted comments to the Department.

9. On September 20, 2023 the Department issued its final scope ruling.

## STANDARD OF REVIEW

10. This Court reviews final determinations issued by the Department pursuant to 19 U.S.C. §1675(a) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C.§1516a(b)(1)(B)(i).

## CLAIMS

## COUNT ONE

11. The allegations of paragraphs 1 through 10 are incorporated by reference and restated as if fully set forth herein

12. The Department's erred when it found that the TRB Rings imported by PCI from the PRC were within the scope of the antidumping duty order.

*Precision Components, Inc. et al v. United States*
Court No 23-00218
November 9, 2023
Page 4

13. The Department is authorized to interpret the scope of an antidumping duty order, but cannot enlarge the scope of the order through such interpretation.

14. The plain meaning of the scope language contained in the order controls the scope. Where the plain language excludes rings imported prior to heat treatment, the inclusion of such rings within the scope of the order is an impermissible enlargement.

15. PCI's rings are not heat-treated prior to importation into the United States.

16. The Department's determination that such rings are subject to the order is contrary to the clear language of the scope and the Department's historic treatment of the scope.

17. The Department's instructions to CBP ordering liquidation of such entries was unlawful.

**PRAYER FOR RELIEF**

WHEREFOR, the plaintiff respectfully request that this Court enter judgment as follows:

1. Sustaining count one of plaintiff's complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

*Precision Components, Inc. et al v. United States*
Court No 23-00218
November 9, 2023
Page 5

3. Awarding attorney fees and costs; and

4. Providing such other relief as the court may deem just and appropriate.

                Respectfully submitted,

                /s/ David J. Craven

                David J. Craven
                Counsel to Precision Components, Inc

Date November 9, 2023        Craven Trade Law LLC
                                      3744 N Ashland
                                      Chicago, IL 60613
                                      (773) 245-4010
                                      dcraven@craventrade.com